## The Roman.*

(*District Court, E. D. Pennsylvania.* March 31, 1882.)

1. Admiralty—Collision—Failure to Display Torch—Inflammable Cargo.

The fact that a vessel carries a deck load of pine wood will not relieve her from liability for a collision caused by the failure to exhibit a lighted torch upon the approach of a steamer and the substitution of a less brilliant light in place thereof.

2. Same—Negligence of Steamer—Failure to See Light.

If in such case the light actually exhibited should have been seen by those in charge of the steamer in time to avoid the collision, and the failure to see such light contributed to cause the collision, the loss will be apportioned between both vessels.

Libel by the master of the schooner Theresa Wood against the steam-ship Roman, to recover damages for injury to the schooner by collision. The following facts appeared from the testimony: The collision occurred in the Atlantic ocean off Great Egg harbor. The night was dark, but not stormy. The schooner was loaded with pine wood, and carried a deck load of the same material. She had only her jib-sail set, the other being lowered. She was standing off shore, heading a little to the E. S. E., and was making no headway. The steamer was on a course N. E. by E., and was seen from the schooner when the vessels were about a mile and a half distant. No lighted torch was shown, as required by act of congress, but instead thereof a globe lantern, containing a bright light, was swung by the mate standing in the stern of the schooner. The respondents alleged that this light was insufficient, and was not seen from the steamer, and that the collision occurred through the failure of the schooner to exhibit a proper light. The libellants alleged that the inflammable nature of the cargo rendered the lighting of a torch on deck dangerous, and that they were authorized, by a notice of the secretary of the treasury issued September 22, 1871, to substitute in such case a globe light therefor; that the light substituted should have been seen from the steamer, and was actually seen by some of the crew; and that the collision was caused by the bad steering of the steamer. Upon the question as to the sufficiency of the light, and whether it was seen from the steamer, the testimony was conflicting.

*John A. Toomey* and *Henry R. Edmunds*, for libellant.

*Henry G. Ward*, for respondents.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

BUTLER, D. J.   Both vessels were in fault; the schooner for failing to display a torch, and the steamer for failing to see the light substituted for it.   The torch is required by statute; and the circumstances of this case exhibit no excuse for not displaying it.   The light substituted was much less brilliant and effective.   Still this light could, and should, have been seen by the steamer, if displayed in time; and I believe it was so displayed.   The uncertainty of witnesses respecting time and distance is fully appreciated.   Still, if the libellant's witnesses are truthful it cannot well be doubted that this light was exhibited when the steamer was some hundreds of yards off.   They are corroborated in this by a member of the steamer's crew, who declared, immediately after the collision, that he saw the light and reported it to the mate, in time to avoid the collision.   I say "one of the crew," because the circumstances fully justify this inference.   The ingenious argument based upon the position of the steamer's lights, as seen, or supposed to have been seen, by libellant's witnesses, is neither conclusive nor safe.   There is even more uncertainty here than in the matter of time and distance before referred to.   The order in which the respective lights came into view of the several witnesses depended upon a variety of circumstances.

Each vessel should bear a part of the loss, and a decree will therefore be entered for half damages.